IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br>Wayne C. Halaja )<br>Terrye M. Halaja )<br>    Debtor(s) )<br>)<br>Ronda J. Winnecour, )<br>Chapter 13 Trustee )<br>    Movant(s) )<br>)<br>vs. )<br>)<br>First Guaranty Mortgage Corporation )<br>    Respondent(s) ) | Case No. 19-23668 CMB<br>Chapter 13 |

## TRUSTEE'S MOTION TO PRECLUDE POSTPETITION MORTGAGE FEES, EXPENSES AND CHARGES

AND NOW, Ronda J. Winnecour, Standing Chapter 13 Trustee for the Western District of Pennsylvania, reports, as follows:

1. This case was filed on September 18, 2019.

2. First Guaranty Mortgage Corporation filed a Notice of Postpetition Mortgage Fees, Expenses and Charges on August 7, 2020.

3. The Trustee avers that the Notice should be disallowed in its entirety.

4. There is no real description of when or for what purpose the fees are being requested.

5. The fees are requested more than 180 days after they were incurred.

6. The Trustee contends that none of the charges requested in this Notice are timely and therefore, that the cost of preparing this Notice should not be charged against the loan.

7. Local administrative Order 2009-2, effective as January 1, 2010, states that "the holder of a claim secured by a security interest in the Debtor's

assets shall file a separate "NOTICE OF POST-PETITION FEES, EXPENSES AND CHARGES" resulting in payment change that itemizes all fees, expenses or charges incurred in connection with the claim after the bankruptcy case was filed, and that the holder assets are recoverable against the Debtor and/or against the Debtor's assets".

8. The attorney's fees should be disallowed because they have not been explained.  The Trustee requests proof as to when they were incurred, for what they were incurred, or for the charges to be disallowed.

9. The Trustee requests strict proof as to how these charges are incurred, why they were incurred, all documentation and authority that supports these charges as an appropriate postpetition expense of the bankruptcy estate.

10. The fees for filing the proof of claim should be disallowed because the filing of the proof of claim is an administrative matter not requiring counsel.  In the event that this Honorable Court finds that contract between the debtor and the creditor permits legal fees and that this Honorable Court also finds that legal fees for the act of filing the proof of claim are appropriate, the Trustee contends that the charge constitutes an unreasonable legal fee.

11. Pennsylvania law controls.  The mortgage is a "residential mortgage" as defined by 41.P.S.101.  A lender may not charge legal fees until 30 days following the "Act 6" notice.  41 P.S. 406(a)(3).  Even then the lender may only charge a maximum of $50.00 until the commencement of a foreclosure or other legal action.  Bankruptcy related services do not constitute other legal action.  In re Graboyes, 223 Fed. Appx.112 (3d Cir.

2007), In re DeTone, 262 B.R. 359 (Bankr. W.D. {a. 2001).  The Trustee is unable to determine from the documentation provided by the creditor that "Act 6" notice was given, the date that it was given, or whether a foreclosure or other legal action was timely commenced and therefore, the Trustee challenges the fees on the basis that they exceed the allowable amounts.  41 P.S. 406(a)(3). Quicken Loans, Inc. v Winnecour (In re Dworek) 2018 Bankr. LEXIS 2508, 2018 WL 4027475 Bankr. WD PA (August 22, 2018).

WHEREFORE, the Trustee respectfully requests that the Notices be disallowed and that this Honorable Court order the Respondent to provide proof that the records have been adjusted to remove these charges.

                                      Respectfully Submitted,

8/4/2021                          /s/ Ronda J. Winnecour
                                      Ronda J. Winnecour (PA I.D. #30399)
                                      Attorney and Chapter 13 Trustee
                                      U.S. Steel Tower – Suite 3250
                                      600 Grant Street
                                      Pittsburgh, PA  15219
                                      (412) 471-5566
                                      cmecf@chapter13trusteewdpa.com